101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
PYRAMID MANAGEMENT GROUP, INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Cross-Petitioner,
v.
PYRAMID MANAGEMENT GROUP, INC., Cross-Respondent.
 Nos. 95-4148(L), 95-4168AXP.
 United States Court of Appeals, Second Circuit.
 April 1, 1996.
 
 APPEARING FOR PETITIONER-CROSS-RESPONDENT: Louis P. DiLorenzo, Bond, Schoe-neck & King, Syracuse, N.Y.
 APPEARING FOR RESPONDENT CROSS-PETITIONER: Stanley R. Kirkin, Deputy Assistant General Counsel, National Labor Relations Board, Washington, D.C.
 NLRB
 ORDER ENFORCED
 Before NEWMAN, C.J., and LUMBARD and KEARSE, Circuit Judges.
 
 
 1
 Petition to review, and cross-petition to enforce, an order of the National Labor Relations Board ("the Board").
 
 
 2
 This cause came on to be heard on the transcript of record from the Board and was argued by counsel.
 
 
 3
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the Board be and it hereby is ENFORCED.
 
 
 4
 Pyramid Management Group, Inc. petitions for review of the August 25, 1995, order of the National Labor Relations Board, and the Board cross-petitions for enforcement. In its decision, the Board found that Pyramid managers had violated the National Labor Relations Act, 29 U.S.C. § 160 et seq. (1994), by threatening and coercing employees into voting against the Union, by disciplining two employees who violated an overbroad no-distribution rule, and by firing two employees because of their union activities.
 
 
 5
 Pyramid alleges that the Board used an improper standard to assess testimonial evidence, relying on the employees' subjective assessment of the impressions created by what they heard. In fact, however, in most of the testimony that Pyramid challenges, the witnesses testified as to their best recollections of Edward Marshall's statements. The fact that they could not, more than a year after the meetings, report Marshall's words verbatim does not prohibit the ALJ and the Board from relying on that testimony as an objective account of Marshall's statements.
 
 
 6
 With this testimony available, substantial evidence supports the Board's decision. The ALJ, who observed all the witnesses, generally credited the employees and disbelieved Marshall. Pyramid challenges this credibility assessment, arguing that the Board erroneously affirmed the ALJ's discrediting of Marshall although it had rejected the factual underpinning of that finding. However, the ALJ rejected Marshall's testimony not merely because of a perceived conflict with documentary evidence, which the Board discredited, but also because of his demeanor and his testimony's incongruity with some employees' testimony.
 
 
 7
 The ALJ was entitled to reject Marshall's testimony as incredible and to credit the employees' stories. Contrary to Pyramid's contention, the various employees' testimony was not inconsistent. Only William Evans expressly denied that Marshall had stated that a strike would be inevitable and the employees would be replaced if the Union were voted in; however, Evans immediately recanted and affirmed his affidavit statement that Marshall had made the threat.
 
 
 8
 Pyramid also challenges the Board's order that it remove disciplinary write-ups from the files of two employees who were cited for violating Pyramid's no-distribution rule, which prohibits any distribution of literature during work hours. This policy, which may be interpreted to prohibit distributions by employees even during break periods, is invalid and unenforceable, Republic Aviation Corp. v. N.L.R.B., 324 U.S. 793, 803 n. 10, 65 S.Ct. 982 (1945), even as to the employee who concededly distributed the literature while on duty, Asociacion Hospital del Maestro, Inc. v. N.L.R.B., 842 F.2d 575, 577-78 (1st Cir.1988); Miller v. N.L.R.B., 341 F.2d 870, 874 (2d Cir.1965).
 
 
 9
 Finally, Pyramid challenges the order to reinstate and award back pay to Lonnie Sales on the grounds that, even if his discharge violated the Act, Pyramid would have fired Sales when it learned later that he had lied on his employment application. However, Pyramid did not raise this argument before the Board and therefore may not do so here. The Board was entitled to order reinstatement and back pay on the basis of its finding of discriminatory discharge. We do not consider whether Pyramid might subsequently be entitled to discharge Sales because of a false application, and, if so, what adjustment in pay might be appropriate for the period after the date of the Board's order. Cf. McKennon v. Nashville Banner Publishing Co., 115 S.Ct. 879 (1995) (remedy for violation of ADEA limited because of later-acquired evidence of employee misconduct justifying discharge).